IN THE UNITED STATES DISTRICT COUORT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARNER-ELEKTRA-ATLANTIC CORPORATION d/b/a WMX and OASIS FASHIONS ONLINE LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>VARIOUS JOHN DOES, VARIOUS JANE DOES and ABC COMPANIES,<br><br>Defendants. | Case No. 2025-cv-9908 |

**PLAINTIFFS' COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs Warner-Elektra-Atlantic Corporation d/b/a WMX ("WMX") and Oasis Fashions Online Limited ("Oasis") (WMX and Oasis are collectively referred to as "Plaintiffs") submit this complaint for trademark infringement and unfair competition. In support of its Complaint, the Plaintiffs allege:

1.  This Court has exclusive jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §§1121, 1125, 1126 and 1116. This action arises under the Lanham Trademark Act (15 U.S.C. §1051, et seq.).

2.  Warner-Elektra-Atlantic Corporation d/b/a WMX ("WMX") is a corporation organized under the laws of the State of New York with a place of business in New York, New York. Plaintiff Oasis Fashions Online Limited ("Oasis") is a United Kingdom limited liability company with a place of business in Manchester, United Kingdom.

3.  Upon information and belief, Defendants Various John Does and Jane Does are residents of or transact and do business in and/or will be present at Soldier Field, Chicago, Illinois

1

on and before August 28, 2025 or are now conspiring to travel and otherwise traveling to the other states listed in Exhibit A hereto and are subject to the jurisdiction of this Court. The identities of the Various John Does and Jane Does are not presently known.

4. Upon information and belief, Defendants ABC Companies, through their agents, servants and employees, transact and do business in and/or will be present in Chicago, Illinois on and before August 28, 2025 or are now conspiring to travel and otherwise traveling to other states listed in Exhibit A hereto and are subject to the jurisdiction of this Court. The identities of the ABC Companies are not presently known.

## THE PARTIES

5. Since as early as 1991, Oasis has used the OASIS trademark to identify itself in all phases of the entertainment industry and to distinguish itself from other professional musical groups.

6. WMX has been granted the exclusive right to market merchandise, including, but not limited to, clothing, jewelry, photographs and posters bearing the OASIS name, trademark, logos and/or likenesses at concert engagements throughout the United States.

7. Defendants are numerous independent unlicensed peddlers and manufacturing and distributing companies who will be attempting to distribute and sell unauthorized bootleg and inferior merchandise embodying the OASIS name, trademark, logos and/or likenesses (hereinafter referred to collectively as "Bootleg Merchandise") including, but not limited to, t-shirts outside the confines of Soldier Field, Chicago, Illinois on August 28, 2025 and at Oasis concerts on its present concert tour, a partial itinerary of which is listed on Exhibit A hereto, in violation of Plaintiffs' rights under the Lanham Act. The identities of Defendants are not presently known and cannot be known unless they voluntarily permit themselves to be identified.

## BACKGROUND

8. To date, in excess of Seven Million copies of recordings embodying the performances of Oasis have been sold in the United States.

9. To date, in excess of Ten Million Dollars' worth of licensed merchandise bearing the OASIS name, trademark, logos and/or likenesses has been sold in the United States.

10. Since as early as 1991, Oasis has used the OASIS mark to identify its services as musical group. Oasis has sought to distinguish merchandise pertaining to it from merchandise made and sold and pertaining to others by prominently displaying the OASIS trademark and/or likenesses on t-shirts and other merchandise items associated with Oasis.

11. WMX has been granted the exclusive license to sell merchandise bearing the OASIS name, trademark, logo and likenesses at Oasis concert engagements throughout the United States.

12. Oasis is embarking on its 2025 concert tour of the United States. Virtually all of those concerts are or will be sold out. The Oasis concert itinerary, in part, is annexed as Exhibit A.

13. Based upon experience selling Oasis merchandise, including, but not limited to, t-shirts, at similar concerts and performances throughout the United States, it can be stated with certainty that outside the concerts halls at which Oasis is performing, before, during and after its appearances, Defendants have and will attempt to sell imitation and inferior Bootleg Merchandise.

14. The sale of the Bootleg Merchandise by Defendants is and will be without Plaintiffs' permission or authority.

15. This unlawful activity results in irreparable harm and injury to Plaintiffs in that, among other things, it deprives Plaintiffs of their absolute right to determine the manner in which the Oasis image is presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the

reputations of Plaintiffs as well as their commercial value and exclusive rights in the OASIS trademark and it irreparably harms and injures Plaintiffs' reputations.

## COUNT I
### Violation of 15 U.S.C. §1125(a)

16. Plaintiffs repeat and reallege paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. This count arises under Section 43(a) of the Lanham Act relating to trademarks, trade names and unfair competition entitled "False Designation of Origin and False Descriptions Forbidden," 15 U.S.C. §1125(a), and involves false descriptions in commerce.

18. The OASIS trademark, likenesses and logos have been used widely throughout the United States. As a result of the same, the OASIS trademark, likenesses and logos have developed and now have a secondary and distinctive trademark meaning to purchasers of goods including, but not limited to, t-shirts.

19. The Bootleg Merchandise sold by Defendants, which contains the OASIS likenesses, logos and/or trademark, is of the same general nature and type as the merchandise sold and/or authorized to be sold by WMX. Because the Bootleg Merchandise is so related to and indistinguishable from authorized merchandise that WMX sells, it is likely to, and is certainly intended to, cause confusion to purchasers.

20. Defendants, by misappropriating and using the OASIS trademark, likenesses and logos, have misrepresented and falsely described to the general public the origin and source of the Bootleg Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Bootleg Merchandise sold at Oasis concert dates.

21. In addition, Defendants' sale of the Bootleg Merchandise will infringe upon and dilute the Oasis trademark and logos.

22. The Bootleg Merchandise is, in most instances, of inferior quality and the sale thereof will be damaging to and will dilute the goodwill generated by Oasis and the reputations that Plaintiffs have developed in connection with the sale of legitimate and quality merchandise.

23. Defendants' unlawful merchandising activities have been and will be conducted without the permission or authority of Plaintiffs and those actions constitute express and implied misrepresentations that the Bootleg Merchandise was created, authorized or approved by Plaintiffs. Defendants have not obtained any license, authority or approval to manufacture, distribute or sell such Bootleg Merchandise.

24. Defendants' acts are in violation of 15 U.S.C. §1125(a) in that Defendants will use, in connection with goods and services, a false designation of origin and will continue to cause those goods (the Bootleg Merchandise) to enter into interstate commerce.

25. Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will suffer irreparable harm and injury to Plaintiffs' images and reputations as a result thereof.

## DAMAGES

26. Plaintiffs repeat and reallege paragraphs 1 through 15 and 17 through 25 of this Complaint as if fully set forth herein.

27. It is impossible to ascertain the amount of compensation that will afford Plaintiffs adequate relief for the actual, threatened and contemplated unlawful activities of Defendants. Plaintiffs will have no adequate remedy in the event that such unlawful activities are allowed to continue to occur.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a) Issue a Temporary Restraining Order and a Preliminary Injunction restraining,

5

enjoining and prohibiting Defendants from manufacturing, distributing or selling merchandise bearing the OASIS name, trademark, logos and/or likenesses and/or anything confusingly similar thereto.

(b) Order the United States Marshal(s), state county and/or local law enforcement authorities to seize and impound any and all of the merchandise described in subdivision (a) above, which the Defendants attempt to sell or hold for sale outside of and within the confines of the concert halls at which Oasis is performing before, during or after Oasis concert performances.

(c) Issue a Permanent Injunction prohibiting Defendants from selling or attempting to sell merchandise described in subdivision (a) above and ordering destruction of all such merchandise wherever found.

(d) Such other and further relief which this Court deems to be reasonable, necessary and just.

Dated: August 19, 2025

Respectfully submitted,
WARNER-ELEKTRA-ATLANTIC
CORPORATION d/b/a WMX and
OASIS FASHIONS ONLINE LIMITED

By: /s/ Steven P. Mandell
One of their attorneys

Steven P. Mandell (ARDC #6183729)
Bryan G. Lesser (ARDC #6330021)
MANDELL MENKES LLC
1 N. Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 251-1000
Email: smandell@mandellmenkes.com
blesser@mandellmenkes.com

Kenneth A. Feinswog (pro hac vice)
Law Offices of Kenneth A. Feinswog
400 Corporate Pointe, Suite 300

Culver City, CA 90230
Telephone: 310-846-5800
Email: kfeinswog@gmail.com

*Counsel for Plaintiffs*